## UNION CENTRAL BANK v HALL

Ohio Appeals, 1st Dist, Hamilton Co

No 4242. Decided March 6, 1933

Joseph R. Rohrer, Cincinnati, for plaintiff in error.

John G. Bammerlin, Cincinnati, and E. Boyd Jordan, Cincinnati, for defendant in error.

HAMILTON, PJ.

As heretofore stated, the note was taken up by the payee or someone for it, and transferred to the plaintiff bank in this action on February 27, 1929. The plaintiff bank claims it took the note in due course, before maturity, and without notice of any defenises, and that it was, therefore, a holder in due course.

An examination of the note discloses that no interest payment was endorsed on the note, and none was on the note when taken by the plaintiff bank. The endorsements also show that no payments were made as provided for in the note, the first payment being due on the first day of August, 1928, and the first endorsement is 9-5, on which date appears two endorsements of $25.00 each. None of the endorsements are noted on the first day of the month as provided in the note.

It is therefore clear from the record that someone made the payments or entered the endorsements without authority or payment from the maker. All of the entries of payment show default of payment, which under the accelerating clause caused the entire note to become due.

The law is well settled that when a note becomes due, in default of interest installments or payments as provided therein, the entire note is due under the accelerating clause, and the purchaser thereof is a holder after maturity, and takes the note subject to equities.

Furthermore, in the fall of 1928 upon the application of the Hendersonville Real Estate Company for a loan of money from the plaintiff bank and the offer of this note with several similar notes, the officers of the bank visited the property at Hendersonville, and the testimony of the Vice-President is that they estimated the lots to be worth about $100. They have since become worth much less.

So with the undisputed evidence that there had been a default in the payments of interest and the payments of principal, as provided for in the note, and the note was for $900.00 for a lot not worth $100.00, the plaintiff bank could not be considered a holder in due course. And since these facts are undisputed, any error of the trial court in refusing special charges before argument could not in any way prejudice the plaintiff

Bank. The court should have charged the jury that the plaintiff bank was not a holder in due course, from the undisputed facts.

There was ample evidence from which the jury could find no consideration or want of consideration, and, although not pleaded, would be sufficient to support a perpetration of a fraud on the defendant.

The jury was amply justified in rendering the verdict that it did, for the defendant.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.